UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GLEN ELLYN PHARMACY, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | FILED: APRIL 6, 2009 |
| v. | ) No. | 09CV2116 |
| | ) | JUDGE MANNING |
| **PROMIUS PHARMA, LLC,** | ) | MAGISTRATE JUDGE COLE |
| and **JOHN DOES 1-10,** | ) | BR |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant Promius Pharma, LLC, a Delaware limited liability company, by Vincent A. Lavieri, its attorney, with Gardiner, Koch, Weisberg & Wrona, of counsel, and pursuant to 28 U.S.C. §§ 1441, 1446 and 1331, files this Notice of Removal of a certain action pending in the Circuit Court of Cook County, Illinois. The grounds for removal are as follows:

1.  On March 3, 2009, Plaintiff Glen Ellyn Pharmacy, Inc. filed a lawsuit in the Circuit Court of Cook County, Illinois, entitled "*Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC and John Does 1-10,*" which lawsuit was docketed as Case No. No. 09 CH 9396.

2.  On March 13, 2009, Defendant was served with summons and complaint. A copy of the Summons and Complaint-Class Action are attached hereto as Exhibit "A."

3.  Plaintiff seeks recovery for itself and similarly-situated persons for, *inter alia*, a violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"). Plaintiff has also asserted claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* and for common law conversion.

4.  Under the TCPA, a plaintiff is entitled to recover the statutory damages of $500.00

for the transmission of an unsolicited fax advertisement, which damages may be trebled upon a showing that the violation was wilful.

5. Pursuant to 28 U.S.C. § 1331, this court has original jurisdiction over Plaintiff's TCPA claim as the same arises under the laws of United States. *See Brill v Countrywide Home Loans. Inc.*, 427 F.3d 446, 451 (7th Cir. 2005).

6. This Notice of Removal has been filed with this court within thirty (30) days following service of summons and complaint.

7. Defendant will, after filing this Notice of Removal, promptly give notice thereof to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE,** Defendant Promius Pharma, LLC requests that the above-described action pending against it in the Circuit Court of Cook County, Illinois, be removed to this court.

**PROMIUS PHARMA, LLC**

By: /s/ Vincent A. Lavieri
One of Its Attorneys

Vincent A. Lavieri
Gardiner, Koch, Weisberg & Wrona
53 W. Jackson Boulevard
Suite 950
Chicago, IL 60604
1-312-362-0000
ARDC No. 03128067

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

GLEN ELLYN PHARMACY, INC.

v.

PROMIUS PHARMA, LLC, and JOHN DOES 1-10

No. 09CH09398

Promius Pharma, LLC
c/o Person in Charge of Office
200 Somerset Corporate Blvd.
Floor 7
Bridgewater, New Jersey 08807

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106
Name: Edelman, Combs, Latturner & Goodwin LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle St. 18th Fl.
City/State/Zip: Chicago, IL 60603
Telephone: 312-739-4200
Service by Facsimile Transmission will be accepted at: 312 419-0379
(Area Code) (Facsimile Telephone Number)

WITNESS, MAR 3 2009

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT "A"**

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., | ) |
| Plaintiff, | ) |
| v. | ) 09CH09398 |
| PROMIUS PHARMA, LLC, and JOHN DOES 1-10, | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant Promius Pharma, LLC, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Glen Ellyn Pharmacy, Inc., is a corporation with offices at 486 Roosevelt Rd., Glen Ellyn, IL 60137, where it maintains telephone facsimile equipment.

4. Defendant Promius Pharma, LLC, is a Delaware limited liability company that has offices at 200 Somerset Corporate Blvd., Floor 7, Bridgewater, New Jersey 08807.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

7. On February 3, 2009, plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. Discovery may reveal the transmission of additional faxes as well.

9. Defendant Promius Pharma, LLC, is responsible for sending or causing the sending of the faxes.

10. Defendant Promius Pharma, LLC, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11. Each fax refers to a website used by defendant Promius Pharma, LLC.

2

12. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

14. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

17. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

18. Plaintiff incorporates ¶¶ 1-17.

19. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

20. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

3

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

22. Plaintiff and each class member is entitled to statutory damages.

23. Defendants violated the TCPA even if their actions were only negligent.

24. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Promius Pharma, LLC, promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

4

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

   b. The manner in which defendants compiled or obtained their list of fax numbers;

   c. Whether defendants thereby violated the TCPA;

   d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

   e. Whether defendants thereby converted the property of plaintiff.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu,

Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32. Plaintiff incorporates ¶¶ 1-17.

33. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34. Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37. Defendants engaged in such conduct in the course of trade and commerce.

38. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to

7

public policy, as established by the TCPA and Illinois statutory and common law.

40. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Promius Pharma, LLC, promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d. Whether defendants thereby converted the property of plaintiff.

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  a. Appropriate damages;

  b. An injunction against the further transmission of unsolicited fax advertising;

  c. Attorney's fees, litigation expenses and costs of suit;

  d. Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

47. Plaintiff incorporates ¶¶ 1-17.

48. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

9

50. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

51. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

53. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Promius Pharma, LLC, promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

55. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax

10

advertisements;

  b. Whether defendants thereby violated the TCPA;

  c. Whether defendants thereby committed the tort of conversion;

  d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

  e. Whether defendants thereby converted the property of plaintiff.

57. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  a. Appropriate damages;

  b. An injunction against the further transmission of unsolicited fax advertising;

  c. Costs of suit;

11

      d.      Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\22595\Pleading\Complaint_Pleading.wpd

12



## NEW Scytera™ Foam is a treatment for psoriasis available without a prescription². Scytera™ Foam is located behind-the-counter (B.T.C.) with the pharmacist.

> Scytera™ Foam relieves the signs and symptoms of psoriasis by delivering time-tested coal tar in a specially designed patient pleasing foam.
> - ✓ Available in a 100 gram canister
> - ✓ Spreads easily, and absorbs and dries quickly[1]
> - ✓ Minimizes the potential for staining[1]
> - ✓ Does not have the unpleasant odor typically associated with coal tar[1]
> - ✓ Can be used at any time – morning or night[1,2]

|  | Non-California Sales<br>67857-0801-52 | California Only Sales<br>67857-0801-26 |
|---|---|---|
| CARDINAL | 4145876 | 4145892 |
| MCKESSON | 3258126 | 3258118 |
| AMERISOURCE BERGEN | 437588 | 437513 |
| KINRAY | 331-389 | N/A |
| HD SMITH | 221-3874 | 221-3882 |

For questions or inquiries, please contact **Customer Service**
Promius Pharma, LLC        Phone  (866) 776-4881
3101 Gaylord Parkway   Fax      (866) 776-4882
Frisco, TX 75034              Email promiuspharma@icsconnect.com

*For external use only. Flammable. Avoid fire, flame, or smoking during and immediately following application.*

> FOR MORE IMPORTANT ABOUT SCYTERA FOAM
> PLEASE VISIT:
> www.Scytera.com

References: 1. Data on file. Promius Pharma, LLC: Bridgewater, NJ; 2008. 2. Scytera™ (coal tar) Foam 2% [package insert]. Promius Pharma, LLC: Bridgewater, NJ; 2007.

©2009 Promius Pharma, LLC. All rights reserved. SCY-0109-011

If you no longer wish to receive fax messages from this sender, please call (888) 739-4920, enter extension 1681 and follow the voice prompts.